UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ING BANK, FSB,

        Plaintiff,

     vs.

RAUL R. PINEDA AND GRACIELA PINEDA,

        Defendants.

Case No.: 12-CV-03782-YGR

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT**

       Defendants Raul and Graciela Pineda (collectively, "Defendants") removed this case from the Superior Court of the State of California, County of Alameda ("Alameda County Superior Court") on July 19, 2012. (Dkt. No. 1, "Notice of Removal of Action to United States District Court" ("Removal Notice") at 1.) Plaintiff filed the instant Motion to Remand Action to State Court on July 25, 2012. (Dkt. No. 9 ("Motion").) On the same day, Plaintiff filed an Application for Order Remanding Action or Shortening Time for Hearing on Motion to Remand Action to State Court. (Dkt. No. 10 ("Application to Shorten Time").)

       Defendants asserted removal was proper based on federal question jurisdiction. *Id.* at 2. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1331, a district court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The burden of establishing federal jurisdiction is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (internal citations omitted). Accordingly, "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* at 566. A district court *must* remand the case to state court if it appears at any time

before final judgment that the district court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  Further, a defendant may not twice remove the same action where each removal is based on the same grounds.  *St. Paul & C. Ry. Co. v. McLean*, 108 U.S. 212, 217 (1883); *Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453, 457 (7th Cir. 2005) (there must be intervening events justifying the second removal); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492-93 (5th Cir. 1996) (defendants are generally prohibited from seeking a second removal on the same ground, *i.e.*, the same pleading or event that made the case removable).

Defendants previously removed this case to federal court based on diversity jurisdiction on May 14, 2012.  *ING Bank, FSB v. Pineda*, No. C 12-02418 CRB, Dkt. No. 14 (Order Remanding Case ("Prior Remand Order").  However, as Plaintiff's Motion indicates, Judge Breyer ordered the case remanded on June 8, 2012.  Mot. at 3; Prior Remand Order at 2.  In that order, Judge Breyer found that neither federal question jurisdiction nor diversity jurisdiction was proper based on the face of Plaintiff's well-pleaded complaint, which alleged only an unlawful detainer claim.  Prior Remand Order at 2.  This Court has reviewed the Complaint in this action and finds it identical to that previously before Judge Breyer.  (*Compare* Dkt. No. 9-3, attached to Declaration of Jonathan Seigel in Support of Plaintiff Bank, F.S.B.'s Motion ("Seigel Decl.") as Ex. 1, "Complaint for Unlawful Detainer - Limited" *with* Dkt. No. 9-5, Seigel Decl., Ex. 3 (prior notice of removal with complaint).)  The only apparent difference between this case and that before Judge Breyer is that Defendants now allege removal based on federal question jurisdiction rather than diversity jurisdiction.  *See* Removal Notice at 2.

Federal question jurisdiction exists only when a federal question exists on the face of a well-pleaded complaint.  *See Wayne v. DHL Worldwide Express*, 294 F.3d 179, 1183 (9th Cir. 2002).  As Judge Breyer previously held with regard to the same Complaint, no federal question is apparent from the face of Plaintiff's Complaint for Unlawful Detainer.  Prior Remand Order at 2.  The fact that Defendants now explicitly raise federal question jurisdiction rather than diversity jurisdiction does not change this.  Further, Defendants were barred from removing this action by their earlier removal based on the exact same Complaint.  Consequently, Plaintiff's Motion to Remand is **GRANTED**.  The Court **DENIES AS MOOT** Plaintiff's Application to Shorten Time.

United States District Court

Northern District of California

1    Pursuant to 28 U.S.C. § 1447(c), an order remanding a case may require payment of "just

2    costs and any actual expenses, including attorney fees, incurred as a result of removal."  28 U.S.C.

3    § 1447(c).  Plaintiff's counsel's total estimated fees in connection with the instant Motion and

4    accompanying documents is $1,347.50.  Mot. at 6; Seigel Decl. ¶ 9.

5        "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing

6    party has an objectively reasonable basis for removal."  *Martin v. Franklin Capital Corp.*, 546 U.S.

7    132, 136 (2005).  "The appropriate test for awarding fees under § 1447(c) should recognize the

8    desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the

9    opposing party, while not undermining Congress' basic decision to afford Defendants a right to

10   remove as a general matter, when the statutory criteria are satisfied."  *Id.* at 140.  In this case,

11   Defendants were already aware from the Prior Remand Order that no federal question jurisdiction

12   existed.  Consequently, as in the Prior Remand Order, the Court finds that there was no objectively

13   reasonable basis for removal.

14       Plaintiff's request for $1,347.50 in fees is based on a billing rate of $275.00 per hour

15   multiplied by 4.9 hours, of which 2.1 hours were spent drafting Plaintiff's moving papers, 0.8 hours

16   were spent "drafting Plaintiff's Application for Remand," and 2.0 hours which were anticipated to

17   be spent reviewing Plaintiff's opposition papers and drafting Plaintiff's reply brief.  Seigel Decl. ¶ 9.

18   The Court calculates the award based only on time spent drafting the instant Motion.  The Court

19   therefore **GRANTS** Plaintiff's request for attorney's fees and Plaintiff is awarded fees in the amount

20   of $577.50.

21       For the foregoing reasons, this action is hereby **REMANDED** to the Alameda County

22   Superior Court.  This Order terminates Dkt. Nos. 9 and 10.  The pending Applications to Proceed *in*

23   *Forma Pauperis* by Defendants (Dkt. Nos. 2–3) are **DENIED AS MOOT** based on this Order.

24       The Clerk of this Court is further ordered to forward certified copies of this Order and all

25   docket entries to the Clerk of the Alameda County Superior Court.

26

27

28

**IT IS SO ORDERED.**

Dated: July 27, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court

Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4